UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE CROWDER, | § |
| | § |
| Petitioner, | § |
| VS. | § CIVIL ACTION NO. 4:14-CV-2939 |
| | § |
| WILLIAM STEPHENS, | § |
| | § |
| Respondent. | § |

## OPINION ON DISMISSAL

Petitioner, an inmate in the Wynne Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a habeas corpus petition challenging his parole denial on June 5, 2014, and two prison disciplinary convictions in July of 2014.[1] (Docket No. 1.) The federal courts are authorized to dismiss a federal habeas petition without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the reasons to follow, the Court determines that the petition lacks an arguable basis in law and must be dismissed. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

---

[1] The petition also revisits Petitioner's claims regarding his underlying 1995 aggravated robbery conviction in the 182nd District Court of Harris County, Texas (Cause Number 665790). However, the petition does not specifically identify this conviction as under attack (Docket No. 1 at ¶¶ 1-4) and Petitioner previously challenged this conviction in several habeas corpus suits in this court without success. *See Crowder v. Thaler*, Case No. 4:11-cv-4130 (S. D. Tex. Nov. 22, 2011) (dismissed as time-barred Feb. 6, 2013); *Crowder v. Stephens*, Case No. 4:13-cv-2550 (S. D. Tex. Aug. 29, 2013) (dismissed as successive Sept. 10, 2013); *Crowder v. Stephens*, Case No. 4:14-cv-1692 (S. D. Tex. Jun. 17, 2014) (dismissed as time-barred and successive Jun. 25, 2014). The only new grounds for relief presented are Petitioner's recent parole denial and disciplinary convictions.

ANALYSIS

A.  Parole Denial

Petitioner's application for habeas corpus relief challenges a denial of release to parole on June 5, 2014.  (Docket No. 1 at ¶¶ 15-19.)  Although Petitioner checked the petition box indicating he is challenging a "parole revocation proceeding" (Id. at 2), he does not allege that he was ever released to parole and had his parole revoked.  Instead, Petitioner merely alleges that he was denied release to parole by the Board of Pardons and Paroles, despite being eligible for such release.  (Id. ¶ 13.)

An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Moreover, a Texas inmate has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations.  *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons & Paroles*, 993 F.2d 74 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991); *Williams v. Briscoe*, 641 F.2d 274 (5th Cir. 1981).  *See also Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (noting that "statutes or regulations providing that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest").  Such release is entirely speculative.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Furthermore, the possible effect of the award of good-time credit on a parole decision does not create liberty interest.  *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (citing *Meachum v. Fano*, 427 U.S. 215, 229 n. 8 (1976)).  Texas prisoners do not have a state or federal right to good-time credit for satisfactory behavior while in prison.  *Madison*, 104 F.3d at 768.  Texas prisoners have not had a protected right to accumulate good-time credit since 1977.  *Hallmark v.*

*Johnson*, 118 F.3d 1073, 1079 (5th Cir.) (citing Tex. Civ. Stat. Ann. art. 6181-1, § 4 (Vernon 1988)); *see also* Tex. Gov't Code Ann. § 498.003 (a) (Vernon Supp. 2004) ("Good conduct time is a privilege and not a right.").

Thus, Petitioner's allegations regarding denial of release to parole do not present a cognizable basis for federal habeas corpus relief.

B. <u>Disciplinary Convictions</u>

Petitioner also challenges sanctions imposed as a result of two prison disciplinary convictions on July 8, 2014, and July 16, 2014 (case numbers 20140318496 and 20140328975).[2] (Id. ¶ 17.) However, the petition states that Petitioner is not eligible for release on mandatory supervision (Id. ¶ 16) and that Petitioner did not lose any previously earned good-time credit as a result of these disciplinary convictions (Id. ¶ 18). Public records show that on February 8, 1995, Petitioner was sentenced in the 182nd District Court of Harris County, Texas (Cause Number 665790), to forty-five years imprisonment on a first-degree felony conviction for aggravated robbery. (Harris County Clerk Website.) Under Texas law, an inmate is not eligible for release to mandatory supervision if he has been convicted of first-degree felony aggravated robbery under Section 29.03 of the Texas Penal Code. Tex. Gov't Code Ann. § 508.149(a)(12) (Vernon 2013).

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an

---

[2] Petitioner also references a 2005 disciplinary conviction in case number 20050182522 (Docket No. 1 ¶ 17), however, any challenge to that conviction would be barred under the applicable statute of limitations.

atypical or significant hardship beyond the ordinary incidents of prison life. *Id*. Moreover, a reduction in a prisoner's classification status and the potential impact on good-time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good-time credits and be eligible for mandatory supervised release. *Id.* Because Petitioner is not eligible for mandatory supervised release, he has no constitutionally protected interest in such release. Accordingly, the sanctions imposed as a result of Petitioner's disciplinary convictions do not present a cognizable basis for federal habeas corpus relief.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court determines that Petitioner has not made a

substantial showing of the denial of a constitutional right, therefore, a certificate of appealability from this decision will be denied.

## ORDER

Accordingly, the Court ORDERS that:

1. Petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is GRANTED.

2. Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

3. This action is DISMISSED with prejudice for failure to state a claim.

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 3rd day of February, 2015.

                                                MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE